UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLES ROBERSON, an
individual, and KAREN ROBERSON,

    Plaintiffs,

v.                                                Case No: 5:15-cv-454-Oc-30PRL

USAA CASUALTY INSURANCE
COMPANY, a foreign insurance
company,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Amend and Remand (Doc. 8) and Defendant's response in opposition (Doc. 10). The Court, having considered the motion and response, and being otherwise fully advised in the premises, concludes that Plaintiffs' motion should be granted in part and denied in part.

## BACKGROUND

Plaintiffs initiated this action seeking declaratory judgment as to insurance coverage. (Doc. 2). Defendant USAA Casualty Insurance Company ("USAA") issued a homeowners insurance policy to Plaintiffs. (*Id.*, Ex. A). With Randy Skiver's permission, Plaintiffs kept cattle on his property. *Id.*, Ex. C). Arthur and Nancy Tye own property adjacent to Randy Skiver. (*Id.*). On June 7, 2011, Arthur Tye was allegedly attacked and injured by a bull owned by Plaintiffs that escaped or passed through the fence separating

the Tye and Skiver properties. Plaintiffs reported the loss to USAA, who denied coverage to Plaintiffs under several policy exclusions. (Doc. 1, Ex. B). The Tyes instituted an action against Plaintiffs and Mr. Skiver for the personal injuries sustained by Arthur Tye as a result of the June 7, 2011 incident. (*Id.*, Ex. C). Consequently, Plaintiffs initiated this action in the Fifth Judicial Circuit in and for Lake County, Florida, against USAA for declaratory judgment regarding the extent of coverage under the insurance policy. Originally, Arthur and Nancy Tye were not included as parties. On September 8, 2015, USAA removed the action to this Court. (Doc. 1).

Plaintiffs currently seek to amend their complaint to add Arthur and Nancy Tye as Defendants. (Doc. 8). Plaintiffs argue that the addition of the Tyes would defeat complete diversity of the parties (as Plaintiffs and the Tyes are both Florida residents), and, following amendment, Plaintiffs seek remand of this case to the Fifth Judicial Circuit in and for Lake County, Florida. USAA consents to the addition of the Tyes as parties, but asserts that remand is not necessary because the Tyes are nominal parties and their citizenship cannot be used to defeat diversity. (Doc. 10). USAA also argues that the Tyes are more properly aligned with Plaintiffs. (*Id.* at 6).

## DISCUSSION

The Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the federal courts may hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), *abrogated on other grounds by* 29 U.S.C § 1446. For this reason, statutes authorizing removal of actions to federal courts are to be strictly construed against removal.

*Burns*, 31 F.3d at 1095. In fact, because federal courts are of limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). However, for purposes of a diversity jurisdiction analysis, the citizenship of "nominal" parties need not be considered. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

Here, the Court need not determine whether the Tyes are nominal parties because the Tyes are more properly aligned as plaintiffs rather than defendants. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants. It is [the] duty . . . of [all] federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute" as determined by the principal purpose of the action. *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n.5 (1989) (internal quotation marks omitted); *see also Indem. Ins. Co. of N. Am. v. First Nat'l Bank at Winter Park*, 351 F.2d 519, 522 (5th Cir. 1965).[1]

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

The principal purpose of this case is to determine whether Plaintiffs' claims are covered by the homeowners insurance policy issued by USAA. Plaintiffs' interests are not adverse to the Tyes' interests. Rather, in the posture of this case, Plaintiffs' interests are aligned with the Tyes' interests because if Plaintiffs are successful against USAA, it will ensure that the Tyes have access to insurance proceeds for any settlement or judgment that may be obtained in the underlying tort action initiated by the Tyes. Thus, the Tyes are more properly considered plaintiffs for jurisdictional purposes and their addition to the action does not defeat diversity. *See La Shangrila, Inc. v. Hermitage Ins. Co.*, No. 8:07-cv-1133-T-24EAJ, 2007 WL 2330912, at *2 (M.D. Fla. Aug. 13, 2007) (concluding that plaintiffs in underlying tort action should be aligned with the insured in an insurance-coverage dispute for jurisdictional purposes); *see also James River Ins. Co. v. Arlington Pebble Creek*, No. 1:13cv224-MW/GRJ, 2015 WL 4668700, at *5-6 (N.D. Fla. July 30, 2015) (finding that insured and claimant were properly aligned as party defendants in an action seeking to determine the extent of insurance coverage).

## CONCLUSION

While Plaintiffs may amend their complaint to add the Tyes as parties, the addition of the Tyes does not defeat diversity jurisdiction because the Tyes are more appropriately aligned with Plaintiffs.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion to Amend and Remand (Doc. 8) is GRANTED in part and DENIED in part.

2. Plaintiffs' request to amend its complaint adding Arthur and Nancy Tye as parties is GRANTED.

3. Plaintiffs' request for remand is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of November, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record