**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CHARLES ROBERSON and
KAREN ROBERSON,

Plaintiffs,

v. Case No: 5:15-cv-454-Oc-30PRL

USAA CASUALTY INSURANCE
COMPANY, ARTHUR TYE and NANCY
TYE,

Defendants.

---

**ORDER**

THIS CAUSE comes before the Court upon Defendant USAA Casualty Insurance Company's Motion for Summary Judgment (Doc. 31) and Plaintiffs Charles Roberson and Karen Roberson's Memorandum in Opposition to Motion for Summary Judgment (Doc. 33). The Court concludes that the motion should be granted because the Robersons's cattle operation constitutes a business pursuit under the terms and conditions of their homeowners' insurance policy.

**RELEVANT FACTS**

Plaintiffs Charles Roberson and Karen Roberson are homeowners insured by Defendant USAA Casualty Insurance Company ("USAA"). (Doc. 2 at 7–81).[1] The

[1] The Robersons attached the USAA insurance policy to their original complaint (Doc. 2), but failed to attach it to the operative complaint (Doc. 24). The Robersons also failed to attach the underlying complaint and denial letter to the operative complaint. Instead, the operative complaint merely references the previously attached exhibits. (Doc. 24 at ¶¶ 3–5). Likewise, USAA did not

Robersons have raised cattle for about 30 years, averaging between 35–45 head of cattle at any time. (Doc. 31-1 at 6, 9). The Robersons raise the cattle a few miles from their house in about 45 acres of pasture, part of which they own and part of which they lease. (Doc. 31-1 at 8). Mr. Roberson considers raising the cattle his living and full-time job, even referring to it as a side business in a conversation with a USAA adjuster in 2011. (Doc. 31-1 at 6, 16; and 31-9 at 2).

According to both Mr. and Mrs. Roberson, the goal of raising the cattle was to grow the herd big enough for it to be profitable and for their operation to be treated as a farm. (Doc. 31-1 at 16; Doc. 31-10 at 11). The Robersons treated their cattle operation as a long-term investment, and may have started earning a profit from the endeavor in 2015. (Doc. 31-1 at 17). However, the cattle operation was running at a loss before then, at least from 2009 through 2011. (Doc. 31-1 at 17).

During that 2009 to 2011 period, the Robersons filed a Schedule F form with their federal income taxes, which is titled "Profit or Loss from Farming." (Doc. 31-4 at 12; 31-6 at 14; and Doc. 31-8 at 11). The schedules, as well as other information provided to the Robersons's accountant, showed that the Robersons were claiming net losses related to their cattle operations. (Docs. 31-2 – 31-8). The net losses were calculated based on the

---

attach the insurance policy, underlying complaint, or denial letter to their summary judgment motion, but rather reference the attachments in the original complaint. (Doc. 31). The Court notes the operative complaint superseded the original complaint, rendering both it *and its exhibits* a legal nullity. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). However, as both parties reference the exhibits to the original complaint, the Court will consider those documents as being reincorporated into the operative complaint. Counsels are encouraged not to make similar filing errors in the future.

income the Robersons received from selling cattle at market,[2] minus the expenses of running the operation, such as auto insurance for a pick-up truck, depreciation of farm equipment, the costs of Mr. Roberson's cell phone, electricity, fuel, and miscellaneous maintenance. *Id.* Based on claiming these losses, the Robersons believed they were receiving a tax benefit. (Doc. 31-2 at 25, 35, and 46).

On June 7, 2011, a bull owned by the Robersons escaped from their pasture and attacked Arthur Tye, the owner of the adjacent land. The Robersons made a claim under the liability section of their homeowners' policy, which USAA denied pursuant to the "business pursuits" exclusion. (Doc. 2 at 82). The exclusion provides as follows:

> **SPECIAL FORM – HOMEOWNERS POLICY**
> **DEFINITIONS**
> 2. "**business**" includes trade, profession or occupation.
>
> …
>
> **SECTION II – EXCLUSIONS**
> 1. **Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply to bodily injury or property damage:
>    b. (1) arising out of or in connection with a **business** engaged in by an **insured**. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business.

(Doc. 2 at 39, 51).

[2] In each year from 2009 to 2011, the Robersons sold 16 head, 11 head, and 20 head of cattle, respectively. (Doc. 31-2 at 11, 26, and 38–39).

Subsequently, Arthur and Nancy Tye filed a personal injury action against the Robersons in the state court in Lake County, Florida.[3] In the underlying complaint, the Tyes allege the Robersons "were not keeping, or using, the subject bull in the course and scope of any business, trade, profession, or occupation." (Doc. 2 at p. 84). The underlying complaint also alleges the Robersons breached their "duty to reasonably maintain and confine their bull…." (Doc. 2 at 84–85).

The Robersons, in turn, filed this case against USAA, seeking a declaration regarding USAA's duty to defend and indemnify the Robersons in the underlying action. (Doc. 24). In the operative complaint, the Robersons allege their cattle raising operation was not a business, but merely a hobby.

**SUMMARY JUDGMENT STANDARD**

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this

[3] The underlying action is *Arthur Tye and Nancy Tye v. Randy Skiver, et al*, 15-CA-1059.

analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

The issue before this Court is whether the injury to Mr. Tye is excluded from coverage pursuant to the business pursuits exclusion in the Robersons's homeowners

insurance policy.[4] As a preliminary matter, the Court notes that there are no material facts in dispute regarding how the Robersons ran their cattle operation. Nor is there any dispute that the bull attack on Mr. Tye arose out of the Robersons's cattle operation. As such, whether the business pursuit exclusion applies to the cattle operation is a question of law. *Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1219 (11th Cir. 2015); *see also e.g. First Protective Ins. Co. v. Featherston*, 906 So. 2d 1242, 1244 (Fla. Dist. Ct. App. 2005) (holding, "the construction of an insurance policy to identify the scope of coverage is a question of law….").

When determining whether a business pursuits exclusion applies to an insured's activity, Florida courts consider whether the activity was "a continuous and comprehensive activity for financial gain." *Saha v. Aetna Cas. & Sur. Co.*, 427 So. 2d 316, 318 (Fla. Dist. Ct. App. 1983); *see also Gaynor v. Williams*, 366 So.2d 1243 (Fla. Dist. Ct. App. 1979); *O'Conner v. Safeco Insurance Company of North America*, 352 So.2d 1244, 1246 (Fla. Dist. Ct. App. 1977); *State Farm Fire & Cas. Co. v. Friend*, 478 So. 2d 1198, 1200 (Fla. Dist. Ct. App. 1985).

The Court concludes the business pursuits exclusion bars coverage for the injury to Mr. Tye arising out of the Robersons's cattle operation, which was a continuous and comprehensive activity for financial gain. The Robersons had been raising cattle for about

[4] The Court rejects without further discussion the Robersons's initial argument—that summary judgment should not be granted until USAA produces the entire insurance policy—based on Judge Lammens's analysis in his recommendation on their motion to compel, (Doc. 41), which this Court adopted.

30 years, they had between 35–45 head of cattle at any given time, they sold 45 head of cattle between 2009 and 2011, and they purchased and leased pasture land specifically for the purpose of raising the cattle. The Robersons also had pole barns, equipment, fencing, and other items that Mr. Roberson maintained in what he considered his full-time job. There is no doubt that the cattle operation was continuous and comprehensive so as to fall within the business pursuits exclusion.

The Court concludes the cattle operation was also for financial gain. Although there is no dispute that the cattle operation did not make a profit in the years immediately preceding the injury to Mr. Tye, that is not dispositive. *See Saha*, 427 So.2d at 318 ("The absence of a profit does not negate the existence of a 'business pursuit.'"). The Robersons hoped to grow the herd and make a profit from the operation (which Mr. Roberson testified they may have done in 2015), and they received tax benefits by claiming their cattle operation losses. Taken together, the Robersons cattle operation was an endeavor in which they hoped for financial gain, and thus falls within the business pursuits exclusion.

The Robersons argue that, regardless of the above, the business pursuits exclusion does not apply. First, the Robersons argue that the term "business" is ambiguous in the policy, and, therefore, must be construed against USAA. Second, the Robersons argue the cattle operation does not fall within the policy's definition of "business."

The Court disagrees. The Court finds no merit to the Robersons's argument that the term "business" in the insurance policy is ambiguous. As the Eleventh Circuit has explained,

> Policy terms are given their plain and ordinary meaning and read in light of the skill and experience of ordinary people. Undefined terms and complex terms requiring analysis are "not automatically rendered ambiguous."

*Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1306 (11th Cir. 2008) (internal citations omitted). Further, Florida courts have already interpreted this definition of "business" and explained the definition as follows:

> The policy involved in this case[] states only that the term "'business' [i]ncludes trade, profession or occupation." Since the word "includes" is a term of expansion, the definition here must be read to mean that business includes, but [i]s not limited to the "trade, profession or occupation" of the insured.

*Gaynor*, 366 So. 2d at 1244. For these reasons, the Court rejects the Robersons's argument that "business" is ambiguous and concludes the term should not be interpreted against USAA; it should be given its plain and ordinary meaning.

As to whether the cattle operation constitutes a business, this Court finds the Florida appellate court opinion in *Saha*, 427 So.2d 316, to be persuasive. In *Saha*, a physician kept a small herd of cattle as a tax shelter on about 22 acres. *Id.* at 316–17. A child drowned in a pond on the property that was for watering cattle and other animals. *Id.* at 317. The Florida appellate court, construing a similar business pursuits exception with an identical definition of "business" in the policy, held that the business pursuit exclusion applied, even though the physician's tax documents showed nearly no income from the operation, and substantial expenses and depreciation. *Id.* at 318.

In our case, the facts are even more overwhelming in favor of finding that the cattle operation was a business to which the exclusion applies. Mr. Roberson testified that raising the cattle was his full-time job and that he worked six days a week at it. He also considered

it a side business, and the Robersons treated it as a business for tax purposes. Finally, Mr. Roberson testified that he hoped to make a profit from the endeavor. Therefore, the Court concludes the cattle operation was a business as that term is used in the insurance policy.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant USAA Casualty Insurance Company's Motion for Summary Judgment (Doc. #31) is GRANTED.

2. The Clerk is directed to enter final judgment in favor of Defendant USAA Casualty Insurance Company, and against Plaintiffs Charles Roberson and Nancy Roberson. The Court declares as follows: Defendant USAA Casualty Insurance Company has no duty to indemnify Plaintiffs Charles Roberson and Nancy Roberson as it relates to the claims presented by Defendants Arthur Tye and Nancy Tye in the underlying Florida state court case, *Arthur Tye and Nancy Tye v. Randy Skiver, et al*, 15-CA-1059.

3. This ruling moots Plaintiffs' remaining claims in this case.

4. The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of October, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record